**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

AMERICAN SOCIETY FOR TESTING AND
MATERIALS d/b/a ASTM INTERNATIONAL,

　　　　　　　　　　　Plaintiff,

　　　v.

UPCODES, INC.; GARRETT REYNOLDS; and
SCOTT REYNOLDS,

　　　　　　　　　　　Defendants.

---

Civil Action No.:

**JURY TRIAL REQUESTED**

## COMPLAINT

American Society for Testing and Materials d/b/a ASTM International, by and through its undersigned counsel, brings this action against UpCodes, Inc. ("UpCodes"), Garrett Reynolds and Scott Reynolds (collectively, "Defendants"), and alleges as follows.

## INTRODUCTION

1.　　　Plaintiff American Society for Testing and Materials d/b/a ASTM International ("ASTM") is a not-for profit standards developing organization dedicated to its public service mission: positively impacting public health and safety, consumer confidence, and overall quality of life.　ASTM is a globally recognized leader in the development and delivery of voluntary consensus standards.　To date, ASTM has created almost 13,000 high quality international standards driven by the expertise of its over 30,000 members spanning over 155 countries who represent industry, governments, academia, trade groups, consumers, amongst others.

2.　　　Defendants Garrett Reynolds and Scott Reynolds are the founders of UpCodes, a venture-capital backed start-up whose business model is to profit off the exploitation of copyrighted works of numerous non-profit standards development organizations ("SDO").

UpCodes utilizes a "freemium" model wherein consumers are offered free access to unlicensed and unauthorized copies and derivatives of ASTM's copyrighted works and then upsold "premium" services, including notation and multi-user collaboration tools, based on those same works.  By making copies of ASTM's standards available for free, Defendants are undermining the market for the sale and licensing of those ASTM standards.

3.      ASTM brings this lawsuit to prevent Defendants from continuing their unauthorized exploitation of ASTM's copyright works.

## PARTIES

4.      Plaintiff ASTM is a not-for-profit corporation organized under the laws of the State of Pennsylvania, with its principal place of business at 100 Barr Harbor Drive, West Conshohocken, PA, 19428.

5.      Upon information and belief, Defendant UpCodes, Inc. ("UpCodes") is a corporation organized and existing under the laws of Delaware and with its principal place of business at 1606 Headway Circle #9083, Austin, TX 78754.

6.      UpCodes operates and controls the content of the website up.codes (the "UpCodes Website").

7.      Upon information and belief, Garrett Reynolds is an individual with an address of 616 W Monroe Street, Austin, TX 78704 and is co-founder and Secretary of Defendant UpCodes, Inc.

8.      Upon information and belief, Scott Reynolds is an individual with an address of 238 Perry Street, Mill Valley, CA 94941 and is the co-founder, Chief Executive Officer and Chief Financial Officer of Defendant UpCodes, Inc.

## JURISDICTION AND VENUE

9.      This is an action for infringement of federally registered copyrights in violation of 17 U.S.C. § 501 and for alteration or removal of copyright management information in violation of 17 U.S.C. § 1202.

10.     This also is an action for infringement of a federally registered trademark arising under the trademark and anti-dilution laws of the United States, 15 U.S.C. § 1051, et seq., and under statutory and common law unfair competition.

11.     This court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under federal trademark and federal copyright law.  This Court has supplemental jurisdiction over the remaining claim pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District.

## ASTM'S STANDARDS

13.     For more than 100 years, ASTM has provided a global forum for the development and publication of voluntary consensus standards for materials, products, systems, and services that are utilized by ninety industry sectors in the United States and in most geographic regions of the world.  ASTM is the developer and publisher of over 13,000 voluntary consensus standards in a wide range of fields, including consumer products, iron and steel products, iron and steel products, rubber, paints, plastics, textiles, medical services and devices, electronics, construction, aviation, energy, water, petroleum products, and many more.

14.     Over 30,000 members representing over 155 countries, including manufacturers, retailers, consumers, representatives from government agencies, academics, and researchers serve on ATSM's nearly 150 Technical Committees.  Each Technical Committee is further divided into more focused technical areas called subcommittees.

15.     ASTM standards development activities are governed by a detailed set of written procedures that are accredited by the American National Standards Institute ("ANSI") as satisfying the essential requirements of a voluntary consensus standards development process.  The process through which ASTM develops its standards includes multiple levels of review, and numerous opportunities for public review and comment.  All ASTM standards are reviewed on a 5-year schedule and reapproved, revised or withdrawn in revision cycles that typically take 8-12 months to complete.  Each revision cycle proceeds according to a published schedule that includes final dates for all major events in the process, including opportunities for input and comment, Technical Committee meetings, appeals, and final publication of the standard.

16.     ASTM's goal is to conduct a process open to all parties with safeguards to avoid domination by proprietary interests.  The voting membership of each ASTM Technical Committee is constituted to include a balance of relevant interests.  For example, producers or sellers of materials, products, systems or services covered within the scope of a given committee or subcommittee cannot exceed more than 50 percent of the voting membership of that committee or subcommittee.  All standards actions, including new standards as well as revisions, withdrawals and reapprovals of existing standards, must be approved by at least 66.7 percent of the voting subcommittee members and 90 percent of the voting main committee members, with not less than 60 percent of the voting members returning ballots.

17.     ASTM strives to enable broad stakeholder representation in the process and does everything possible to minimize barriers to entry.  Individual participating ASTM members pay $115 annually for membership, with grants the member full participation in the development process and free access to relevant standards.  ASTM often waives the membership fee for interested consumers or participants from developing countries.

18.    ASTM's standards are original works of authorship.  The content of the ASTM's standards are original to ASTM and includes a high degree of creativity.

19.    ASTM owns the copyrights and/or the relevant exclusive rights in the ASTM standards under the United States copyright laws, and each ASTM standard bears a copyright notice indicating that ASTM owns the copyright in the work.  ASTM has obtained Certificates of Copyright Registration from the Registrar of Copyrights for each of the ASTM Standards listed in Exhibit A hereto (collectively "ASTM's Copyrighted Works").  Exhibit A lists the ASTM standards that Defendants have infringed by the acts complained of herein and identifies by number the Certificates of Registration issued to ASTM for each of the relevant standards.

20.    ASTM also owns the exclusive trademark rights in the following registered trademark that refers to ASTM (the "ASTM Mark"):

a.    "ASTM" Registration No. 2,679,320 for use in connection with standards books in a variety of fields, promoting public awareness, educational services, and providing a website featuring information in the field of standardization and methods for testing various materials, products, systems, and services in Classes 16, 35, 41, and 42 as set forth in detail in the registration attached as Exhibit B.

21.    ASTM also owns common law rights in the ASTM Mark.

22.    Through ASTM's exclusive, continuous and widespread use of the ASTM Mark, the ASTM Mark has acquired a substantial amount of goodwill, and consumers have come to rely on the ASTM Mark to identify ASTM's high-quality goods and services. ASTM has spent significant funds and resources marketing and promoting its goods and services in connection with

the ASTM Mark, and considers them to be important, valuable assets. ASTM vigorously and continuously enforces its ASTM Mark against infringers and counterfeiters.

23.     Each year ASTM incurs substantial costs for its standards development infrastructure and delivery platforms, including resources for collaboration, Technical Committee meetings, balloting, editorial, production, distribution, promotion and protection of ASTM standards.  ASTM also incurs significant costs related to achieving and maintaining accreditation by ANSI and for engaging in policy-related activities within the global standards community.

24.     To recover some portion of these substantial costs of development, ASTM sells copies of the ASTM standards through its online stores to persons and companies who use the standards in their professional work, including professions in the fields of architecture, engineering, and construction.  ASTM also offers enhanced services through its offer of standards-related products and services.  For example, ASTM Compass is an online subscription platform that provides access to the most up-to-date standards and research, along with productivity tools for sharing, version comparison, and annotation.

25.     Sales of ASTM's standards account for approximately 70% of ASTM's total revenue.  ASTM also generates a significant portion of revenue through the licensing of ASTM's standards.  ASTM makes it works easily available for licensing through the Copyright Clearance Center where users can purchase permission to reproduce ASTM copyrighted material.  The revenues from these sales and licensing allow ASTM to continue to develop its standards and ensuring that standards are up-to-date.

26.     ASTM provides a valuable public service by developing the ASTM standards and publishing the ASTM standards.  ASTM standards support industries and governments worldwide

to improve product quality, enhance health and safety, strengthen market access and trade, and build consumer confidence.

27.     ASTM's standards offer substantial advantages to building professionals, engineers, states and local governments, and the public by providing a relatively consistent set of standards throughout the United States.

28.     On occasion, federal, state, and local legislatures and other governmental authorities incorporate some or all of SDO-developed standards by reference into statutes or regulations instead of creating their own standards, allowing them to develop standards quickly and with limited costs, particularly in light of the fact that the governmental authorities typically do not have the expertise to develop comparable standards on their own.

29.     Individual jurisdictions do not have the expertise or financial ability to develop high-quality standards, to keep such standards up to date with developments in technology and in the marketplace, or to comply with the demanding requirements for creating voluntary consensus standards.   Governments can incorporate certain provisions of SDO-developed standards by reference instead of creating their own standards, which allows them to develop a comprehensive regulatory scheme quickly and with limited costs.

30.     Some jurisdictions may choose to reference a privately authored standard to set a minimum compliance requirement.  In some cases, the standard incorporated by a jurisdiction may itself reference another standard, *i.e.,* a "third-party reference."   For example, the 2018 Pennsylvania Uniform Construction Code references the 2018 International Building Code, a copyrighted work published by International Code Council, Inc. ("ICC"), an SDO.  The 2018 International Building Code in turn references certain ASTM standards, including ASTM's Copyrighted Works.  *See* International Building Code 1810.3.2.3.

---

**1810.3.2.3 Steel.**

Structural steel H-piles and structural steel sheet piling shall conform to the material requirements in ASTM A6. Steel pipe piles shall conform to the material requirements in ASTM A252. Fully welded steel piles shall be fabricated from plates that conform to the material requirements in ASTM A36, ASTM A283, ASTM A572, ASTM A588 or ASTM A690.

---

31.     The ASTM standards referenced in this section are "third-party references" to the Pennsylvania Uniform Construction Code.  Importantly, ASTM has no control or ability to prevent third parties (including, in this example, the Commonwealth of Pennsylvania and ICC) from referring to its standards.

32.     ASTM has not voluntarily transferred or licensed any of its rights in ASTM's Copyrighted Works to any governmental agencies whose regulations incorporate ASTM's standards.  Nor has ASTM been compensated by the any governmental authority for any of ASTM's Copyrighted Works.

33.     ASTM has not lobbied or otherwise sought to influence any governmental authority or SDOs to incorporate or reference ASTM's standards.  Notwithstanding, certain jurisdictions and SDOs have incorporated or referenced numerous ASTM standards.

## DEFENDANTS AND THEIR INFRINGING ACTIVITIES

34.     Garrett Reynolds and Scott Reynolds founded UpCodes in 2016.

35.     Together, Garrett Reynolds and Scott Reynolds built a business model predicated on the unauthorized use of copyrighted works of SDOs.  Upon information and belief, they are directly and personally involved in all aspects of UpCodes' business, including decisions concerning what content to reproduce, distribute and/or display on the website up.codes (the "UpCodes Website").

36.     Defendant UpCodes has developed an internet-based platform that allows customers to view and print a variety of standards, including substantial portions of ASTM's

Copyrighted Works.    UpCodes displays and distributes significant amounts of ASTM's Copyrighted Works through the UpCodes Website and mobile web platform.

37.    The UpCodes Website and mobile web platform contain a significant amount of content from ASTM's Copyrighted Works or substantially similar versions thereof (collectively referred to herein as "Infringing Materials").

38.    Defendants' website reproduces and displays substantial portions of ASTM's Copyrighted Works, including portions, or entire standards, that impose no binding legal obligations and are instead non-mandatory or informational materials.  Upon information and belief, none of these standards have been incorporated by reference by any governmental authority in the United States.

39.    Defendants purport to "bring together the worlds of architecture, engineering, and construction (AEC) with technology."    *See* "Our Story," Up.Codes, https://up.codes/about. UpCodes holds itself out as offering a platform for "AEC" professionals including architects, general contractors, inspectors, engineers, academics, subcontractors, and more.  UpCodes targets the exact same consumers as ASTM – *both* have an intended audience of professionals who use the standards in their business. [1]



40.    Upon information and belief, Defendants create their copies of ASTM's Copyrighted Works by purchasing hardcopies or obtaining digital copies of the ASTM's

---

[1] The below screenshot was taken from https://twitter.com/upcodes on May 3, 2024.

Copyrighted Works for the purpose of posting them on the UpCodes Website and mobile web platform.

41.     Upon information and belief, both Scott and Garrett Reynolds personally and directly participate in the decision to post ASTM's Copyrighted Works on the UpCodes website and/or scanning and/or posting ASTM standards to the UpCodes Website and mobile web platform.

42.     Upon information and belief, Scott and Garrett Reynolds know and approve of ASTM's Copyrighted Works being posted to the UpCodes Website and mobile applications and approved of the ASTM's Copyrighted Works being posted before the filing of this lawsuit.

43.     Defendants UpCodes, Garrett Reynolds, and Scott Reynolds each know that ASTM claims copyright in its standards and were aware of ASTM's claim to copyright ownership in its standards before the filing of this lawsuit.

44.     Defendants UpCodes, Garrett Reynolds, and Scott Reynolds are aware that ASTM considers the unauthorized re-republication of its standards to be copyright infringement, including because ASTM and seven other SDOs filed an Amici Curiae brief in support of National Fire Protection Association, Inc.'s Opposition to Defendants UpCodes, Inc., Scott Reynolds, and Garrett Reynolds's Motion for Summary Judgment in a litigation currently pending in the United States District Court for the Central District of California. *National Fire Protection Assoc., Inc. v. UpCodes, Inc., Scott Reynolds, and Garrett Reynolds,* Case No. 2:21-cv-05262, Dkt. No. 154 (June 20, 2023).

45.     Upon information and belief, Defendants' process for creating their unauthorized copies of the ASTM standards introduces errors into the standards.

46.     UpCodes identifies ASTM's Copyright Works by displaying the title and/or well-known abbreviated names for ASTM's publications, as shown below.[2]



47.     To date, UpCodes has reproduced and displayed ten of ASTM's Copyrighted Works.  Upon information and belief, UpCodes intends to reproduce and display at least nine additional copyrighted works, as indicated by the inclusion of additional titles for ASTM standards on the UpCodes website.[3]  Prior to their reproduction and display on the UpCodes Websites, ASTM's Copyrighted Works similarly appeared in the grayed-out form as the nine additional ASTM standards currently listed but not yet available on the UpCodes Website, as shown below.[4]

---

[2] The screenshot below was taken from https://up.codes/codes/general on May 3, 2024.
[3] To the extent that UpCodes adds additional ASTM copyrighted standards to its website, this Complaint shall incorporate such future added works as if listed herein.  Each of the ASTM standards that are grayed-out on UpCodes Website refers to a copyrighted work for which ASTM owns a registered copyright and believes that Defendants intend to copy and reproduce in whole or in significant part on the UpCodes Website.
[4] The screenshot below was taken from https://up.codes/codes/general on May 3, 2024.



48.     To the best of ASTM's knowledge, none of ASTM's Copyrighted Works that UpCodes has posted as standalone "codes," were incorporated by reference by any governmental authority in the U.S.  Upon information and belief, Defendants have posted ASTM's Copyright Works because they are third-party references.  For example, while Defendants posted ASTM's Copyrighted Work ASTM A36 as the "Pennsylvania Carbon Structural Steel Code, 2014," no such code exists within the Pennsylvania Code.  Rather, as explained *supra*, Pennsylvania's Uniform Construction Code references the 2018 *International Building Code* which in turn references ASTM's Copyrighted Work.[5]  Defendants describe the "Pennsylvania Carbon Structural Steel Code" as "based on ASTM A36/A36M, 2014" when, in fact, Defendants have wholesale copied and reproduced ASTM's copyrighted work ASTM A36/A36M, as shown below.

---

[5] The screenshot below was taken from https://up.codes/viewer/pennsylvania/astm-a36-a36m-2014 on May 3, 2024.

# Pennsylvania Carbon Structural Steel Code, 2014

**Adoption Info**                                          See More

Effective dates                    February 14, 2022 - Present

Adopts without amendments          ASTM A36/A36M, 2014

**Overview**

ASTM A36/A36M is a publication for carbon structural steel, outlining the requirements for shapes, plates, and bars of structural quality for use in riveted, bolted, or welded construction of bridges, buildings, and general structural purposes.

The Pennsylvania Carbon Structural Steel Code, 2014 is based on the ASTM A36/A36M, 2014.

49.     The Infringing Materials contain non-mandatory supplemental and explanatory material, as illustrated below[6]:



# Supplementary Requirements

These requirements shall not apply unless specified in the order.

Standardized supplementary requirements for use at the option of the purchaser are listed in Specification A6/A6M. Those that are considered suitable for use with this specification are listed by title:

---

[6]     The below screenshots were taken from https://up.codes/viewer/pennsylvania/astm-a36-a36m-2014/chapter/4/general-requirements-for-delivery#4.2 and https://up.codes/viewer/pennsylvania/astm-a36-a36m-2014/chapter/Supplementary%20Requirements_/supplementary-requirements#Supplementary%20Requirements_ on May 3, 2024.



**4.2**

Coils are excluded from qualification to this specification until they are processed into a finished structural product. Structural products produced from coil means structural products that have been cut to individual lengths from a coil. The processor directly controls, or is responsible for, the operations involved in the processing of a coil into a finished structural product. Such operations include decoiling, leveling or straightening, hot-forming or cold-forming (if applicable), cutting to length, testing, inspection, conditioning, heat treatment (if applicable), packaging, marking, loading for shipment, and certification.

NOTE 1-For structural products produced from coil and furnished without heat treatment or with stress relieving only, two test results are to be reported for each qualifying coil. Additional requirements regarding structural products produced from coil are described in Specification A6/A6M.

50.    As explained above, UpCodes utilizes a "freemium" business model that seeks to attract users by offering a "free" service, where a significant amount of ASTM's Copyrighted Works can be viewed, copied, and further distributed by members of the public at no cost.  After users engage in the "free" service, they are introduced to UpCodes' "premium" offerings.  In addition to the same unauthorized distribution and display off ASTM's Copyrighted Works, the premium subscription includes unauthorized derivative works and "premium" features such as searchable standards, bookmarking, and multi-user collaboration features.  For example, to view the content of the ASTM Copyrighted Works displayed on UpCodes website, users must create an UpCodes login and provide UpCodes with contact information.  By creating a login, users must also agree to UpCodes' Terms of Service and Privacy Policy, as shown below.[7]

---

[7]        https://up.codes/viewer/pennsylvania/astm-a36-a36m-2014/chapter/3/appurtenant-materials#3        and https://up.codes/sign-up?ft=true&next=%2Fviewer%2Fpennsylvania%2Fastm-a36-a36m-2014%2Fchapter%2F3%2Fappurtenant-materials%233 on May 3, 2024.





51.     Users, whether free or premium, can print sections or subsections of the Infringing Materials from the UpCodes Website and mobile web platform, but only after they create an account and agree to UpCodes' terms of service.

52.     Defendants have no control over the purpose for which UpCodes users access, print, or use ASTM's Copyrighted Works.  For example, UpCodes users can access the Infringing Materials to avoid purchasing or licensing the works for commercial use, to resell the works to others, or to creating derivative works.

53.     Defendants' conduct threatens the market for ASTM's products and services and forces ASTM to compete unfairly.  The standards development process is resource intensive, and ASTM must bear the burden of this cost.  Yet UpCodes offers ASTM's Copyrighted Works for free to the very same AEC professionals that ASTM targets and threatens ASTM's ability to recoup its investment in the creation of its high-quality standards.  Defendants offer for free services that ASTM shields behind a paywall – the ability to copy and print – luring potential ASTM customers to use UpCodes' services as a market substitute.  UpCodes then offers premium services built on ASTM's Copyrighted Works that compete directly with ASTM's product offerings.

54.      Defendants conduct also threatens ASTM's licensing market by allowing any individual to copy ASTM's Copyrighted Works for free and without limitation on further distribution.  ASTM's licensees, who have legitimately sought and received permission from ASTM to distribute ASTM standards, will be forced to compete with parties who have had to incur no cost to copy and distribute ASTM's Copyrighted Works by using the UpCodes Website.  Future potential licensees may opt to use the UpCodes Website, which freely makes ASTM's Copyrighted Works available, rather than pay for licensing rights from ASTM.

55.     Defendants offer a market substitute for both physical and electronic copies of ASTM's Copyrighted Works as well as ASTM's products which generate the necessary revenue for ASTM to continue to develop its high-quality standards using a resource-intensive voluntary consensus process.  Without the ability to recoup the costs of standards development, ASTM will no longer be able to revise and update its standards and promote vital safety standards remain compliant.

## DEFENDANTS' REMOVAL OF ASTM'S COPYRIGHT NOTICES

56.     Each of ASTM's Copyrighted Works bear a copyright notice in favor of ASTM.

57.     Although the ASTM's Copyrighted Works each display a copyright notice, Defendants removed copyright management information, including ASTM's copyright notices that contain ASTM's name, address and other identifying information, information related to obtaining certain permissions or individual reprints, as well as copyright notices, from ASTM's Copyrighted Works displayed on the UpCodes Website and mobile web platform such that the Infringing Materials no longer indicate that ASTM is the copyright owner.  ASTM's Copyrighted Works for which the copyright notice and other copyright management information has been removed or otherwise altered (collectively, the "Altered Works") are listed in Exhibit C.

58.     UpCodes profits on the reproduction, display, and distribution of Infringing Materials to the public through the UpCodes Website and mobile web platform.  Upon information and belief, as the co-founders and officers of Defendant UpCodes, at least Defendants Garrett Reynolds and Scott Reynolds knew about, substantially participated in, and authorized UpCodes' copyright infringement and removal of ASTM's copyright notices.

59.     Upon information and belief, both Scott and Garrett Reynolds personally and directly participated in the decision to remove and/or the removal of ASTM's copyright management information from the UpCodes Website and mobile web platform.

**DEFENDANTS' INFRINGEMENT OF ASTM'S TRADEMARKS**

60.     After Defendants acquired genuine versions of ASTM's Copyrighted Works, Defendants then created new documents and placed the ASTM Mark on them even though ASTM neither authorized nor quality controlled the documents created by Defendants.  By doing so, Defendants used in commerce a reproduction or copy of ASTM's registered trademark in connection with the sale, offer for sale, distribution, or advertising of goods or services.

61.     Defendants unauthorized use of ASTM's Mark is likely to lead consumers to believe mistakenly that ASTM is the source of the electronic documents that Defendants on the UpCodes Website, that the documents meet ASTM's quality control standards, and/or that ASTM has endorsed, approved, or are otherwise affiliated with Defendants and/or the documents they created.

62.     Defendants have implied and/or suggested to the public that ASTM sponsors or endorses UpCodes' posting of standards by including the ASTM Mark on the documents that Defendants created as illustrated by the below example.[8]



High-strength Steel Bars for Prestressed Concrete Code, 2018 (ASTM A722/A722M, 2018)

The High-strength Steel Bars for Prestressed Concrete Code, 2018 (ASTM A722/A722M, 2018) is a code produced by the American Society for Testing and Materials (ASTM). This document provides the foundation for many state and city codes. The ASTM A722/A722M, 2018 combined with local jurisdiction amendments form the state codes. Adopting jurisdictions include Alabama, Alaska, Arkansas, California, Los Angeles County, Los Angeles City, San Diego, San José, San Francisco, Colorado, Denver, Connecticut, Florida, Illinois, DuPage County, Louisiana, Maryland, Montana, Nevada, Las Vegas, New Jersey, New Mexico, North Dakota, Ohio, Oregon, Portland, South Carolina, South Dakota, Sioux Falls, Texas, Austin, Dallas, Fort Worth, Houston, San Antonio, Utah, Virginia, Washington, and Wyoming.

---

[8] The screenshot below was taken from https://up.codes/code/astm-a722-a722m-standard-specification-for-high-strength-steel-bars-for-prestressed-concrete-2018 on May 3, 2024.

63.     As described above, Defendants identify ASTM as the publisher of the documents made available on the UpCodes Website even though ASTM is not the publisher of (or otherwise the source of) those electronic copies.  In fact, the electronic copies made available on the UpCodes Website differ substantially from the products ASTM approved or authorized.  ASTM did not publish or approve the publication of the inferior versions of the ASTM standards that Defendants have made available on the UpCodes Website.[9]



64.     Defendants' actions have damaged and will continue to damage ASTM, consumers, and the public in general.

65.     Defendants continued unauthorized use of ASTM's trademark is depriving ASTM of the ability to control the use of its trademark, which has caused and will continue to cause irreparable harm to ASTM, including the loss of control over its brand identity, goodwill, and reputation.

66.     Any mistakes that UpCodes made in its conversion of ASTM's Copyrighted Works into UpCodes Website content is also likely to harm consumers and/or the public in general, which would in turn harm ASTM's reputation.

---

[9] https://up.codes/codes/pennsylvania on May 3, 2024.

## COUNT I
## (AGAINST ALL DEFENDANTS)
## DIRECT COPYRIGHT INFRINGMENT

67.     ASTM realleges and incorporates herein by reference the foregoing Paragraphs of the Complaint as if fully set forth herein.

68.     ASTM owns registered copyrights for ASTM's Copyrighted Works, which are listed in Exhibit A.

69.     The Infringing Materials contain content that is wholly copyrightable subject matter under the laws of the United States.

70.     Upon information and belief, Defendants had access to each of ASTM's Copyrighted Works.

71.     Notwithstanding ASTM's copyright ownership, Defendants copied and created derivative works based upon ASTM's Copyrighted Works and displayed and distributed copies of the Infringing Materials through the UpCodes Website and mobile web platform without ASTM's consent.

72.     The Infringing Materials are identical, or substantially similar, to ASTM's Copyrighted Works.

73.     By copying and creating derivative works based on ASTM's Copyrighted Works and displaying and distributing the Infringing Materials through the UpCodes Website and mobile web platform, Defendants have infringed ASTM's copyrights in ASTM's Copyrighted Works. Specifically, Defendants have violated the exclusive right of ASTM to reproduce, distribute, display, and make derivative works of its copyrighted works under 17 U.S.C. § 106.   The infringement of each of ASTM's Copyrighted Works constitutes a separate act of copyright infringement.

74.     Defendants' copyright infringement has been knowing, willful, and/or intentional.

-20-

75.     Defendants Garrett Reynolds and Scott Reynolds are the moving, active, conscious force behind UpCodes' copyright infringement and are subject to personal liability for UpCodes' copyright infringement.

76.     Defendants' copyright infringement has caused and will continue to cause monetary damage to ASTM.  Defendants' copyright infringement is likely to adversely impact the market for ASTM's Copyrighted Works by diverting prospective purchasers of ASTM's Copyrighted Works and by affecting the demand for licensed use of ASTM's Copyrighted Works.

77.     Defendants' copyright infringement has caused and will continue to cause irreparable harm to ASTM for which there is no adequate remedy at law.  ASTM is entitled to, and seeks, injunctive relief as a result thereof pursuant to 17 U.S.C. § 502.

**COUNT II**
**(AGAINST ALL DEFENDANTS)**
**VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT**

78.     ASTM realleges and incorporates herein by reference the foregoing Paragraphs of the Complaint as if fully set forth herein.

79.     Notwithstanding ASTM's copyright ownership, Defendants copied and created derivative works based upon ASTM's Copyrighted Works and displayed and distributed copies of the Infringing Materials through the UpCodes Website and mobile web platform without ASTM's consent.

80.     Upon information and belief, Defendants had either actual or constructive knowledge that third parties use the UpCodes Website to make unauthorized copies of ASTM's Copyrighted Works and either induced, caused or materially contributed to such infringing conduct.

81.    Upon information and belief, Defendants participated in, authorized and/or assisted with, and resultantly profited from the unauthorized reproduction and/or creation of derivative works based on ASTM's Copyrighted Works.

82.    Upon information and belief, Defendants are vicariously liable for the direct infringement alleged herein because Defendants have the right and ability to supervise the infringing conduct and have a direct financial interest in the infringing conduct.

83.    Defendants Garrett Reynolds and Scott Reynolds are the moving, active, conscious force behind UpCodes' vicarious and/or contributory copyright infringement and are subject to personal liability for UpCodes' copyright infringement.

84.    By their actions, as alleged above, Defendants' acts of contributory and/or vicarious infringement violate the exclusive right of ASTM to reproduce, distribute, display, and make derivative works of its copyrighted works under 17 U.S.C. § 106.

85.    Defendants acts of contributory and/or vicarious infringement are willful, in disregard of and with indifference to ASTM's rights.

86.    Defendants, and their acts of contributory and/or vicarious infringement, has caused and will continue to cause monetary damage to ASTM.  Defendants' copyright infringement is likely to adversely impact the market for ASTM's Copyrighted Works by diverting prospective purchasers of ASTM's Copyrighted Works to the UpCodes Website and by affecting the demand for licensed use of ASTM's Copyrighted Works.

87.    Defendants, and their acts of contributory and/or vicarious infringement, has caused and will continue to cause irreparable harm to ASTM for which there is no adequate remedy at law.  ASTM is entitled to, and seeks, injunctive relief as a result thereof pursuant to 17 U.S.C. § 502.

**COUNT III**
**(AGAINST ALL DEFENDANTS)**
**ALTERATION OR REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**
**UNDER 17 U.S.C. § 1202**

88.     ASTM realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

89.     Each of ASTM's Copyrighted Works bears copyright notices identifying ASTM as the owner of the Copyrighted Works.

90.     The inclusion of a copyright notice, including the identity of ASTM, constitutes "copyright management information" as defined in 17 U.S.C. § 1202(c).

91.     Defendants, without the authority of ASTM, intentionally removed and/or altered and have caused and induced others to remove and/or alter such copyright management information for the Altered Works and have thereafter distributed the Altered Works, having reasonable grounds to know that such acts with induce, enable, facilitate or conceal an infringement of copyright in violation of 17 U.S.C. § 1202(b)(1) and (3).

92.     Defendants' removal or alteration of copyright management information from the Altered Works and their subsequent distribution of the Altered Works was, and is, willful and intentional, and was, and is, executed with full knowledge of ASTM's rights under copyright law, and in disregard of ASTM's rights.

93.     Defendants' violation of 17 U.S.C. § 1202(b)(1) and (3) have caused, and unless restrained by this Court, will continue to cause, irreparable injury to ASTM not fully compensable in monetary damages.  Pursuant to 17 U.S.C. § 1203(b)(1), ASTM is entitled to an injunction enjoining Defendants from such further violations.

**COUNT IV**
**(AGAINST ALL DEFENDANTS)**
**INFRINGEMENT OF REGISTRATED TRADEMARKS UNDER 15 U.S.C. § 1114**

94.     ASTM realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

95.     ASTM's Mark is on the Principal Register of the United States Patent and Trademark Office.

96.     ASTM owns all rights, title and interest in the U.S. trademark registration for ASTM's Mark.

97.     The ASTM Mark is incontestable and constitute conclusive evidence of the validity of the trademark, ASTM's ownership of the mark, and ASTM's exclusive right to use the mark in commerce.

98.     In creating electronic copies of ASTM's Copyrighted Works, Defendants has used in commerce an identical and/or substantially indistinguishable copy of ASTM's Mark in connection with the sale, offering for sale, distribution, and/or advertising of identical and/or highly related goods and services without ASTM's authorization or consent.

99.     Defendants' use in commerce of trademarks that are confusingly similar or identical to the ASTM Mark is likely to cause confusion, to cause mistake and/or deceive consumers as to the source, sponsorship, or origin of the electronic files that Defendants have posted on the UpCodes Website in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114.

100.    Defendants Garrett Reynolds and Scott Reynolds are the moving, active, conscious force behind UpCodes' trademark infringement and are subject to personal liability for UpCodes' trademark infringement.

101.    Defendants' conduct is intended to exploit the goodwill and reputation associated with ASTM's Mark.

-24-

102.    As a direct and proximate result of Defendants' wrongful acts, ASTM has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation and goodwill that money cannot compensate for.  Unless enjoined, Defendants will continue to use ASTM's Mark and/or confusing similar marks and will continue to cause irreparable damage to ASTM, ASTM's Mark, and to the business and goodwill represented thereby, for which ASTM has no adequate remedy at law.

103.    Defendants' trademark infringement has been and continues to be intentional, willful and in bad faith.

**COUNT V**
**(AGAINST ALL DEFENDANTS)**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**UNDER 15 U.S.C. § 1125(A)(1)**

104.    ASTM realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

105.    ASTM's Mark is on the Principal Register of the United States Patent and Trademark Office.

106.    ASTM owns all rights, title and interest in the U.S. trademark registrations for ASTM's Mark.

107.    ASTM's Mark is distinctive and/or has acquired secondary meaning.

108.    ASTM has used its mark in commerce continuously and extensively in the United States for many years.  As a result, the public associates each of ASTM's Mark with ASTM and ASTM has built up valuable goodwill in its trademark.

109.    Defendants have used and continue to use ASTM's Mark on electronic copies of and/or inferior versions of ASTM's Copyrighted Works, without license or authorization for ASTM.

110.    Defendants' use of ASTM's Mark is likely to cause confusion, to cause mistake and/or to deceive consumers as to the affiliation, connection, or association of UpCodes with ASTM and/or as to the origin, sponsorship, or approval of the electronic copies posted on the UpCodes Website.

111.    Defendants Garrett Reynolds and Scott Reynolds are the moving, active, conscious force behind UpCodes' unfair competition and false designation of origin and are subject to personal liability for UpCodes' unfair competition and false designation of origin.

112.    As a direct and proximate result of Defendants' wrongful acts, ASTM has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate for.  Unless enjoined, Defendants will continue to use ASTM's Mark and/or confusingly similar marks and will cause irreparable damage to ASTM, ASTM's Mark, and to the business and goodwill represented thereby for which ASTM has not adequate remedy at law.

113.    Defendants' acts have been and continue to be intentional, willful, and in bad faith.

114.    ASTM has no adequate remedy at law and is entitled to, and does, seek injunctive relief as a result of Defendants' infringing acts.

### COUNT VI
### (AGAINST ALL DEFENDANTS)
### TRADEMARK INFRINGEMENT UNDER PENNSYLVANIA COMMON LAW

115.    ASTM realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

116.    ASTM owns all rights, title, and interest in and to ASTM's Mark.

117.    ASTM's Mark is distinctive and ASTM has built up valuable goodwill in its trademark.  Through its prior and continuous use of its mark in commerce, ASTM has been identified in the public mind as the source of the products to which ASTM's Mark is applied.

118.    Through its prior and continuous use of its marks in commerce, ASTM enjoys exclusive common law rights in ASTM's Mark.

119.    Defendants' use of ASTM's Mark is without any permission, license or other authorization from ASTM.

120.    Defendants' use of ASTM's Mark infringes ASTM's rights therein and is likely to cause confusion, to cause mistake and/or to deceive consumers as to the source, sponsorship and origin of the electronic copies posted on the UpCodes Website in violation of ASTM's common law trademark rights.

121.    Defendants' infringing acts have been and continue to be intentional, willful, and in bad faith.

122.    ASTM has been and is likely to be damaged by Defendants' infringing and unlawful acts.

123.    Defendants' acts have caused and, unless enjoined by this Court, are likely to continue to cause ASTM to suffer irreparable harm to its business, reputation, and goodwill.

124.    ASTM has no adequate remedy at law and is entitled to, and does, seek injunctive relief as a result of Defendants' acts.

### COUNT VII
### (AGAINST ALL DEFENDANTS)
### DILUTION OF TRADEMARKS UNDER 54 PA. CONS. STAT. § 1124

125.    ASTM realleges and incorporates herein by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

126.    ASTM owns all rights, title, and interest in and to ASTM's Mark.

127.    ASTM's Mark is distinctive and famous in the Commonwealth of Pennsylvania.

128.    ASTM's Mark is closely associated with the high-quality goods and services provided by ASTM.

129.    Defendants' unauthorized use of marks that are substantially identical and confusingly similar to ASTM's Mark have and will continue to cause dilution of the distinctive ASTM Mark and irreparable damage to the business, reputation, and goodwill of ASTM in violation of Pa. Cons. Stat. § 1124.

130.    Defendants' use of ASTM's Mark in commerce commenced after ASTM's ASTM Mark became famous.

131.    Defendants' unlawful acts have been willful, intentional, and made in bad faith.

132.    ASTM has been and is likely damaged by Defendants' dilutive and unlawful acts.

133.    Defendants' unlawful act have caused and, unless enjoined by this Court, are likely to continue to cause ASTM to suffer irreparable harm.

## JURY DEMAND

ASTM hereby demands that all issues so triable be determined by a jury.

## PRAYER FOR RELIEF

WHEREFORE, ASTM prays for judgment against Defendants as follows:

1)    That Defendants UpCodes, Inc., Garrett Reynolds, and Scott Reynolds and their officers, agents, servants, employees, and attorneys, and all those in active concert with or in participation with them, be preliminarily and permanently enjoined from:

a.  Further unauthorized reproduction of all or any non-*de minimis* portion of ASTM's Copyrighted Works and any other standards or materials published by ASTM, preparation of derivative works based on ASTM's Copyrighted Works

or on any standards or materials published by ASTM, and distribution or display of copies of the Infringing Materials or any standards or materials published by ASTM by any means or method;

b.   Further alteration or removal of ASTM's copyright management information and all further distribution of the Altered Works.

c.   Selling, offering for sale, distributing, or advertising any electronic or hard copies of standards under ASTM's Mark, or any marks substantially indistinguishable therefrom, which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any standards that Defendants caused to enter the stream of commerce of any of UpCodes' commercial activities are sponsored or licensed or approved by ASTM, or are connected or affiliated in some with ASTM or ASTM's Mark;

d.   Implying ASTM's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' products, services, or commercial activities, passing off Defendants' copies of standards as that of ASTM, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with ASTM and from otherwise interfering with or injuring ASTM's Mark or the goodwill associated therewith; or

e.   Representing or implying that Defendant UpCodes is in any way sponsored by, currently affiliated with, or licensed by ASTM.

2)   That the Defendants be directed to file with the Court and serve upon ASTM, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the

manner and form by which Defendants have complied with the provisions set forth in Paragraph 1 of this Prayer for Relief.

3)      That ASTM be awarded its actual damages and any profits earned by Defendants from the sale of the Infringing Materials or derivative works based on ASTM's Copyrighted Works or, at ASTM's election, statutory damages of up to $150,000 per work infringed.

4)      That ASTM be awarded its actual damages and any profits earned by Defendants from the alteration or removal of copyright management information from ASTM's Copyrighted Works or, at ASTM's election, statutory damages of up to $25,000 for each violation.

5)      That ASTM be awarded compensatory and actual damages in an amount as yet undetermined caused by the foregoing infringement of ASTM's Mark;

6)      That Defendants account to ASTM for any and all profits earned as a result of Defendants' acts in violation of ASTM's Mark, including disgorgement of any and all wrongfully obtained profits;

7)      That ASTM be awarded three times the amount of compensatory damages and increased profits for Defendants' infringement of ASTM's Mark pursuant to 15 U.S.C. § 1117;

8)      That ASTM be awarded statutory damages pursuant to 15 U.S.C. § 1117(c);

9)      That ASTM be awarded punitive and exemplary damages;

10)     That the Court declare that Defendants UpCodes, Inc., Garrett Reynolds, and Scott Reynolds have willfully (A) violated ASTM's copyrighted works (B) infringed ASTM's Mark in violation of 15 U.S.C. § 1114, (C) used false designations of origin in violation of 15 U.S.C. § 1125(a), and (D) violated ASTM's common law rights in ASTM's Mark.

11)     That the Court declare that Defendants are jointly and severally liable for all damages assessed against any Defendant.

12)     That ASTM be awarded pre-judgment and post-judgment interest on all damages awarded by the Court.

13)     That ASTM be entitled to recover its reasonable attorneys' fees and costs of suit.

14)     That ASTM be awarded any and all such other and further relief as this Court shall deem just and proper.

Dated: May 3, 2024

Respectfully submitted,

By: */s/ J. Kevin Fee*

**DLA PIPER LLP (US)**
J. Kevin Fee (PA Bar No. 81715)
Jane W. Wise (*pro hac vice* motion forthcoming)
500 Eighth Street, NW
Washington, DC 20004
kevin.fee@dlapiper.com
jane.wise@dlapiper.com

Gabrielle C. Velkes (*pro hac vice* motion forthcoming)
1251 Avenue of the Americas, 27th Fl.
New York, NY 10020
gabrielle.velkes@us.dlapiper.com

*Attorneys for Plaintiff American Society for Testing and Materials d/b/a ASTM International*