# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>UPCODES, INC.; GARRETT REYNOLDS; and SCOTT REYNOLDS,<br><br>Defendant. | C.A. No. 2:24-cv-01895-AB |

**DEFENDANTS UPCODES, INC., GARRETT REYNOLDS, AND SCOTT REYNOLDS' LEGAL ARGUMENTS IN RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

## **TABLE OF CONTENTS**

I.    Responsive Legal Arguments regarding Copyright Claims. ............................1
    A.   "No one can own the law." ..................................................................1
    B.   There is only one way to express the law, so the merger doctrine bars copyright infringement liability. .........................................................3
    C.   Disseminating the law is fair use ..........................................................5
        i.    Factor 1: The "purpose and character of the use" is to disseminate the law for free. ........................................................6
        ii.   Factor 2: The "nature of the copyrighted work" is the text of the law. ...........................................................................................7
        iii.  Factor 3: The amount and substantiality of the portion used was only that necessary to state the law. ..............................................8
        iv.   Factor 4: Balancing private harm against public benefit. ............9
II.   Responsive Legal Arguments regarding Trademark Claims. ..........................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*
(*ASTM*), 82 F.4th 1262 (D.C. Cir. 2023) ................................................. 2, 6, 8, 9

*Bldg. Offs. & Code Adm. v. Code Tech., Inc.*,
628 F.2d 730 (1st Cir. 1980) ......................................................................... 1

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994) ...................................................................................... 8

*CCC Information Services, Inc. v. Maclean Hunter Market Reports*
(*CCC*), 44 F.3d 61 (2d Cir. 1994) ................................................................ 4

*Century 21 Real Est. Corp. v. LendingTree, Inc.*,
425 F.3d 211 (3d Cir. 2005) ........................................................................ 10

*Ets-Hokin v. Skyy Spirits Inc.*,
323 F.3d 763 (9th Cir. 2003) ....................................................................... 4

*F.A. Davis Co. v. Wolters Kluwer Health, Inc.*,
413 F. Supp. 2d 507 (E.D. Pa. 2005) ........................................................... 3

*Facility Guidelines Inst., Inc. v. UpCodes, Inc.* (*FGI v. UpCodes*),
677 F. Supp. 3d 955 (E.D. Mo. 2023) ......................................................... 2, 7

*FGI v. UpCodes*,
677 F. Supp. 3d at 972–73 ........................................................................... 9

*Georgia v. Public.Resource.Org, Inc.*,
140 S. Ct. 1498 (2020) ................................................................................. 1, 5

*Google LLC v. Oracle Am., Inc.*,
141 S. Ct. 1183 (2021) ................................................................................. 6

*Int'l Code Council, Inc. v. UpCodes, Inc.* (*ICC*),
No. 17 Civ. 6261 (VM), 2020 WL 2750636
(S.D.N.Y. May 27, 2020) ............................................................................. *passim*

*Nat'l Fire Protection Ass'n, Inc. v. UpCodes, Inc.* (*NFPA*),
   No. CV 21-5262 DSF (E), 2021 WL 4913276
   (C.D. Cal. Aug. 9, 2021) ................................................................................ 2, 6, 8

*Practice Management Information Corp. v. American Medical*
   *Association* (*Practice Management*), 121 F.3d 516 (9th Cir. 1997) .................... 4

*Veeck v. S. Bldg. Code Cong. Int'l, Inc.*,
   293 F.3d 791 (5th Cir. 2002) (*en banc*) ........................................................ 2, 4, 5

**Statutes**

17 U.S.C. § 107 ............................................................................................... *passim*

**Amicus Briefs**

Brief of Sixty-Six Library *Am. Soc'y for Testing Materials v.*
   *Public.Resource.Org, Inc.* (*ASTM 2018*), 896 F.3d 437 (D.C. Cir.
   2018) ............................................................................................................. 6, 8, 9

Brief for United States as Amicus Curiae, *S. Bldg. Code Cong. Int'l,*
   *Inc. v. Veeck*, No. 02-355 (U.S. May 2003) ........................................................ 4

I.      **RESPONSIVE LEGAL ARGUMENTS REGARDING COPYRIGHT CLAIMS.**

    A.    **"No one can own the law."**

In 2020, the Supreme Court ruled that "no one can own the law." *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 1507 (2020), attached hereto as Appendix 1. That principle resolves this case. The facts of *Georgia* presented a difficult question: whether official annotations that do ***not*** carry the force of law can be subject to copyright. That question split the Court five to four, with the majority holding that annotations are in the public domain. But the Court was not split on the answer to an easier question: whether the text of binding legal rules themselves can be subject to copyright. All nine Justices agreed that they cannot. *Id.* ("no one can own the law"); *id.* at 1512 ("statutes and opinions" are not copyrightable); *id.* at 1515 ("statutes and regulations cannot be copyrighted") (Thomas J., dissenting); *id.* at 1522 ("Beyond doubt, state laws are not copyrightable.") (Ginsburg, J., dissenting). And the answer to that easier question resolves this case: the rules at issue are enforceable parts of state (and local) law. No one can own them.

That is why courts have consistently ruled that it is not copyright infringement to disseminate enforceable legal rules about buildings, even when they were written by private parties. *See, e.g.*, *Bldg. Offs. & Code Adm. v. Code Tech., Inc.*, 628 F.2d 730, 733–35 (1st Cir. 1980) (reversing grant of preliminary

1

injunction in copyright infringement case about building codes), attached hereto as Appendix 2; *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791, 793 (5th Cir. 2002) (en banc) (affirming summary judgment that defendant's internet posting of plaintiff's building codes was not copyright infringement), attached hereto as Appendix 3; *Int'l Code Council, Inc. v. UpCodes, Inc.* (*ICC*), No. 17 Civ. 6261 (VM), 2020 WL 2750636, *16–17 (S.D.N.Y. May 27, 2020) (holding that defendant's internet posting of plaintiff's building codes was not copyright infringement to the extent they stated enforceable legal rules), attached hereto as Appendix 4; *Nat'l Fire Protection Ass'n, Inc. v. UpCodes, Inc.* (*NFPA*), No. CV 21-5262 DSF (E), 2021 WL 4913276, *6–7 (C.D. Cal. Aug. 9, 2021) (denying preliminary injunction in copyright infringement case about building codes), attached hereto as Appendix 5; *Facility Guidelines Inst., Inc. v. UpCodes, Inc.* (*FGI v. UpCodes*), 677 F. Supp. 3d 955, 977 (E.D. Mo. 2023) (same), attached hereto as Appendix 6; *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.* (*ASTM*), 82 F.4th 1262, 1267–68 (D.C. Cir. 2023) (affirming summary judgment in favor of defendant in copyright infringement case about building codes), attached hereto as Appendix 7.

  Nothing about this depends on whether the legal rule appears in the text of legislation itself, in a set of rules adopted by that legislation, or in a set of rules adopted, in turn, by that set of rules. What matters is whether the rule in question is

the law: whether failure to adhere to the rule is punishable as a violation of the law, just as though it were set forth in full in legislation. As UpCodes will discuss in greater detail in its opposition, the rules here about what kind of steel and aluminum and the like can be used to build buildings are laws, even though there is more than one step between the legislation itself and the legal rule the legislation enacts.

As a group of government-transparency advocates and library associations wrote in their amicus brief in another case brought by ASTM, "artificial limits on the people's right to access and copy the text of the law are contrary to the essence of government by the people." Brief of Sixty-Six Library Ass'ns at 5, *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, No. 17-7035 (D.C. Cir. Sept. 25, 2017), attached hereto as Appendix 8. Copyright does not stand in the way of everyone's right to speak the law.

**B.     There is only one way to express the law, so the merger doctrine bars copyright infringement liability.**

The merger doctrine, which prevents copyright from granting exclusive rights to ideas or facts, provides one basis for rejecting ASTM's claims. "[M]erger occurs where there is only one or a limited number of ways of expressing a certain idea, so that copyright protection of the expression would necessarily result in copyright protection of the idea itself." *F.A. Davis Co. v. Wolters Kluwer Health, Inc.*, 413 F. Supp. 2d 507, 512 (E.D. Pa. 2005).

3

"Even though the model codes themselves have not become the law, one would need to use those model codes' precise language to express laws that had adopted the codes by reference in their entirety." *ICC*, 2020 WL 2750636, at *21. "An individual wishing to publish the text of a law cannot develop his own, unique version and still publish an authoritative copy." *Veeck*, 293 F.3d at 801 (en banc court quoting with approval dissent to panel opinion). Thus, because the binding text of the law "can be expressed only in one way," *Ets-Hokin v. Skyy Spirits Inc.*, 323 F.3d 763, 765 (9th Cir. 2003) (citation omitted), the merger doctrine bars a claim for copyright infringement.

ASTM argues that *CCC Information Services, Inc. v. Maclean Hunter Market Reports* (*CCC*), 44 F.3d 61 (2d Cir. 1994) and *Practice Management Information Corp. v. American Medical Association* (*Practice Management*), 121 F.3d 516 (9th Cir. 1997) distinguish its standards from the model codes at issue in other cases. The same argument was advanced in the *Veeck* case, and the best guide to the reasons why *CCC* and *Practice Management* do not aid ASTM is the Solicitor General's brief opposing certiorari in *Veeck*. Brief for United States as Amicus Curiae at 10–12, *S. Bldg. Code Cong. Int'l, Inc. v. Veeck*, No. 02-355 (U.S. May 2003), attached hereto as Appendix 9. UpCodes will discuss the specific ways in which the facts here distinguish *CCC* and *Practice Management* in its opposition.

4

### C.  Disseminating the law is fair use.

This case should be resolved according to the rule announced in *Veeck*: that "as law, the model codes . . . are not subject to the copyright holder's exclusive prerogatives." *Veeck*, 293 F.3d at 793 (emphasis omitted); *see also ICC*, 2020 WL 2750636 at *7 ("At bottom, the controlling authorities make clear that a private party cannot exercise its copyrights to restrict the public's access to the law."). Some courts, however, have instead ruled that posting the law is permissible as fair use under 17 U.S.C. § 107, in order to remove the necessity of analyzing the issues discussed in the preceding sections.

In *Georgia*, the Supreme Court observed that the fair-use defense is "notoriously fact sensitive," and so if the right to speak the law depended on fair use, "[t]he less bold among us would have to think twice before using official legal works that illuminate the law we are all presumed to know and understand." *Georgia*, 140 S. Ct. at 1513. So, while the Court should rule on the basis of the merger doctrine, we now discuss the application of the fair use doctrine to this case, since it provides an independent basis to rule in UpCodes' favor.

The non-exclusive statutory factors to be considered in making that determination are: (1) the purpose and character of the use, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion used, and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17

U.S.C. § 107. The basic purpose of fair use, the Supreme Court has explained, is "providing a context-based check that can help to keep a copyright monopoly within its lawful bounds." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1198 (2021).

        **i.**        **Factor 1: The "purpose and character of the use" is to disseminate the law for free.**

The first factor looks to "the purpose and character of the use." 17 U.S.C. § 107(1). One type of favored use under the first factor is a "transformative" use. Courts have "used the word 'transformative' to describe a copying use that adds something new and important." *Google LLC*, 141 S. Ct. at 1203 (citation omitted). One way that a use can be transformative is when the use "seeks to create new products," to "expand the use and usefulness" of preexisting materials. *Id.* There are two bases for holding that the use here is transformative.

*First*, the very act of "disseminating enacted laws for public awareness" is a transformative purpose and is "'consistent with illustrative purposes articulated in the Copyright Act, including teaching, scholarship, and research.'" *NFPA*, 2021 WL 4913276, at *4 (quoting *ICC*, 2020 WL 2750636, at *24). The D.C. Circuit held the same in its 2018 *ASTM* opinion. *Am. Soc'y for Testing Materials v. Public.Resource.Org, Inc.* (*ASTM 2018*), 896 F.3d 437, 450 (D.C. Cir. 2018) ("[I]n certain circumstances, distributing copies of the law for purposes of facilitating public access could constitute transformative use."), attached hereto as Appendix

10. "As the other courts that have evaluated this unique factual scenario determined, the posting of enacted laws for the purpose of educating members of the public is a transformative use of the copyrighted work." *FGI v. UpCodes*, 677 F. Supp. 3d at 971. This Court should do the same.

*Second,* every court to have considered the issue has agreed that UpCodes' dissemination of enacted laws serves a transformative purpose in part because, in addition to simply disseminating the text of the law, UpCodes contributes new products that expand the usefulness of the law, which UpCodes will discuss in greater detail in its opposition. *See, e.g.*, *FGI v. UpCodes*, 677 F. Supp. 3d at 971; *ICC*, 2020 WL 2750636, at *24–25.

Within the first factor, in addition to transformativeness, courts consider whether the "use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107. As the *FGI v. UpCodes* court recognized, UpCodes "provides the adopted [standards] entirely for free." *FGI v. UpCodes*, 677 F. Supp. 3d at 971. "While UpCodes may receive a tangential benefit of drawing users to its website and some of those users may elect to pay for premium features, it derives no direct monetary benefit from posting the [standards] as adopted." *Id.*

Accordingly, the first factor weighs heavily in favor of a finding of fair use.

      ii.    **Factor 2: The "nature of the copyrighted work" is the text of the law.**

The second fair use factor, "the nature of the copyrighted work," 17 U.S.C. §

107(2), "calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 586 (1994). "[S]tandards incorporated by reference into law are, at best, at the outer edge of 'copyright's protective purposes.'" *ASTM 2018*, 896 F.3d at 451 (quoting Campbell, 510 U.S. at 586). "Where the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law, this factor weighs heavily in favor of fair use." *Id.* at 452; *ASTM*, 82 F.4th at 1268 ("because incorporated standards have legal force they too fall, 'at best, at the outer edge of copyright's protective purposes.'") (quoting *ASTM 2018*, 896 F.3d at 451); *id.* at 1269 ("the standards at issue have been incorporated and thus have the force of law.").

Thus, because "the actual text of the law is factual," the second factor "weighs strongly in favor of a finding of fair use." *NFPA* at *6.

      **iii.    Factor 3: The amount and substantiality of the portion used was only that necessary to state the law.**

The third factor looks to "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), asking whether the portion copied is "reasonable in relation to the purpose of the copying," *Campbell*, 510 U.S. at 586.

8

Applying that factor to ASTM's codes, the D.C. Circuit held that where a defendant "limits its copying to only what is required to fairly describe the standard's legal import, this factor would weigh strongly in favor of finding fair use here, especially given that precision is ten-tenths of the law." *ASTM 2018*, 896 F.3d at 452. As UpCodes will describe more fully in its opposition brief, that is what UpCodes does with respect to ASTM's codes. Accordingly, the third factor does not weigh against a finding of fair use.

        iv.    **Factor 4: Balancing private harm against public benefit.**

The fourth factor examines "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). The prior courts to have ruled on UpCodes' fair use arguments have held that any market harm was too remote and speculative to outweigh the other fair use factors and the magnitude of the public benefits from wide availability of the law. *ICC*, 2020 WL 2750636, at *28–29, *FGI v. UpCodes*, 677 F. Supp. 3d at 972–73. And in the *ASTM* case, the court likewise found the record to be equivocal and held that the fourth factor "does not significantly tip the balance one way or the other." *ASTM*, 82 F.4th at 1272. In its opposition, UpCodes will address any evidence of market harm that ASTM is able to adduce.

Because the balance of the fair use factors tilts heavily in favor of a finding of fair use, the motion for preliminary injunction on the copyright claims should be

9

denied.

## II.   RESPONSIVE LEGAL ARGUMENTS REGARDING TRADEMARK CLAIMS.

The key reason why ASTM's trademark claims fail is that UpCodes uses the name "ASTM" solely to identify the material being posted, because that is the only way to identify it accurately as the law. For example, Section R905.10.3 of the Pennsylvania Residential Code states the law in Pennsylvania for what materials may be used on a roof. It says, with respect to aluminum sheeting used on a roof, that such sheeting may lawfully be used only if it conforms to "ASTM B209." UpCodes provides the laws in Pennsylvania for determining whether aluminum sheeting may be used on a roof, and in order to do so, it needs to truthfully identify those rules as being the set of legal rules called "ASTM B209"—because that is what the building code calls them.

This is what is referred to as a "nominative fair use" of a trademark, which does not infringe. *Century 21 Real Est. Corp. v. LendingTree, Inc.*, 425 F.3d 211, 214 (3d Cir. 2005) ("Nominative fair use also occurs if the only practical way to refer to something is to use the trademarked term."). Identifying the rules as "ASTM B209" is the only practical way to refer to those rules, because that is how the text of the building code refers to them. Thus, UpCodes' use is noninfringing nominative use.

10

Dated: June 12, 2024                  Respectfully submitted,

                                              */s/ Joseph C. Gratz*

By:  Joseph C. Gratz (*pro hac vice*)
     JGratz@mofo.com
     Hannah Jiam (*pro hac vice*)
     HJiam@mofo.com
     MORRISON & FOERSTER LLP
     425 Market Street,
     San Francisco, California 94105-2482
     Telephone: 415.268.7000
     Facsimile: 415.268.7522

     Allyson R. Bennett (*pro hac vice*)
     ABennett@mofo.com
     Mark D. Marciszewski (*pro hac vice*)
     MMarciszewski@mofo.com
     MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
     Los Angeles, California 90017-3543
     Telephone: 213.892-5200
     Facsimile: 213.892-5454

     Bonnie M. Hoffman (PA ID No. 201140)
     bhoffman@hangley.com
     Thomas N. Brown (PA ID No. 321008)
     tbrown@hangley.com
     HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
     One Logan Square, 27th Floor
     Philadelphia, Pennsylvania 19103
     Telephone: 215.568.6200
     Facsimile: 215.568.0300

     *Attorneys for Defendants*
     UPCODES, INC., GARRETT REYNOLDS, AND SCOTT REYNOLDS

## CERTIFICATE OF SERVICE

I, Joseph C. Gratz, certify that on June 12, 2024, I caused a copy of the foregoing, DEFENDANTS UPCODES, INC., GARRETT REYNOLDS, AND SCOTT REYNOLDS' LEGAL ARGUMENTS IN RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION, to be served via the Court's CM/ECF System upon all counsel of record.

                                               */s/ Joseph C. Gratz*
                                               Joseph C. Gratz