## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL,<br><br>                              Plaintiff,<br><br>           v.<br><br>UPCODES, INC.; GARRETT REYNOLDS; and SCOTT REYNOLDS,<br><br>                              Defendants. | Civil Action No. 2:24-cv-01895-AB |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants UpCodes, Inc. ("UpCodes"), Garrett Reynolds, and Scott Reynolds (collectively, "Defendants") respond to the complaint filed by Plaintiff American Society for Testing and Materials d/b/a ASTM International ("ASTM") as follows.  Defendants deny all allegations in the complaint except for those specifically admitted below.

## INTRODUCTION[1]

1.      Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

---

[1] Defendants neither admit nor deny the contents of the various headings and subheadings in the complaint, which are reproduced herein solely for convenience.

sf-5982201

2.      Defendants admit that Garrett Reynolds and Scott Reynolds are founders of UpCodes.  Defendants deny any remaining allegations of this paragraph.

3.      Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

## PARTIES

4.      Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

## JURISDICTION AND VENUE

9.      Defendants admit that the complaint purports to state claims for infringement of federally registered copyrights in violation of 17 U.S.C. § 501 and for alteration or removal of copyright management information in violation of 17 U.S.C. § 1202.  Defendants deny that ASTM properly states a claim for copyright infringement or the alteration or removal of copyright management information. Defendants deny any remaining allegations in this paragraph.

sf-5982201

10.     Defendants admit that the complaint purports to be an action for infringement of a federally registered trademark arising under the trademark and anti-dilution laws of the United States, 15 U.S.C. § 1051, et seq., and under statutory and common law unfair competition.  Defendants deny that ASTM properly states a claim for trademark infringement or dilution.  Defendants deny any remaining allegations in this paragraph.

11.     Admitted.

12.     Solely for the purposes of this matter, Defendants admit that venue is proper in this District.

## ASTM'S STANDARDS

13.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

14.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

15.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

16.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

17.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

sf-5982201

18.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

19.    Defendants deny the allegations in the last sentence of this paragraph. Defendants deny that there exists a "Registrar of Copyrights."  *See* 17 U.S.C. § 701(a).  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

20.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

a.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

21.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

22.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

23.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

24.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

25.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

sf-5982201

26.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

27.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

28.     Defendants admit that sometimes, federal, state, and local legislatures incorporate some or all of law publisher-developed standards by reference into statutes or regulations.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

29.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

30.     Defendants admit that a standard incorporated by a jurisdiction may itself adopt or incorporate another standard.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis deny them.

31.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

32.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

sf-5982201

33.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

## DEFENDANTS AND INFRINGEMENT ALLEGATIONS

34.     Admitted.

35.     Denied.

36.     Defendants admit that UpCodes has developed an internet-based platform that allows customers to view and print a variety of laws.  Defendants deny any remaining allegations of this paragraph.

37.     Denied.

38.     Denied.

39.     Defendants admit that https://up.codes/about states, in part, "We bring together the worlds of architecture, engineering, and construction (AEC) with technology."  Defendants admit the screenshot in paragraph 39 of the complaint appears to depict a portion of the UpCodes Twitter.  Defendants deny any remaining allegations of this paragraph.

40.     Defendants admit that UpCodes purchased hard copies or obtained digital copies of the model codes listed in Exhibit A for the purpose of posting laws adopting those model codes on the UpCodes Website and mobile web platform.  Defendants deny any remaining allegations in this paragraph.

sf-5982201

41.     Defendants admit that Scott and Garrett Reynolds personally participated in the decision to post laws adopting the model codes listed in Exhibit A on the UpCodes website.  Defendants deny any remaining allegations in this paragraph.

42.     Defendants admit that Scott and Garrett Reynolds know and approve of the posting of laws adopting the model codes listed in Exhibit A on the UpCodes Website and mobile applications, and approved the posting of those laws prior to the filing of this lawsuit.  Defendants deny any remaining allegations in this paragraph.

43.     Defendants were aware prior to the filing of this lawsuit that ASTM had filed a copyright lawsuit against another website that posts laws adopting ASTM's model codes, and that the court in that lawsuit had found that posting laws adopting ASTM's codes was fair use.  Defendants deny any remaining allegations in this paragraph.

44.     Defendants admit that ASTM filed an *amici curiae* brief in support of National Fire Protection Association, Inc.'s Opposition to Defendants UpCodes, Inc., Scott Reynolds, and Garrett Reynolds's Motion for Summary Judgment in a litigation currently pending in the United States District Court for the Central District of California.  *National Fire Protection Assoc., Inc. v. UpCodes, Inc., Scott*

*Reynolds, and Garrett Reynolds*, Case No. 2:21-cv-05262, Dkt. No. 154 (June 20, 2023).  Defendants deny any remaining allegations of this paragraph.

45.     Denied.

46.     Defendants admit that the screenshot in paragraph 46 of the complaint appears to depict a portion of the UpCodes website.  Defendants deny any remaining allegations of this paragraph.

47.     Defendants admit that the screenshot in paragraph 47 of the complaint appears to depict a portion of the UpCodes website.  Defendants deny any remaining allegations of this paragraph.

48.     Defendants admit that the screenshot in paragraph 48 of the complaint appears to depict a portion of the UpCodes website.  Defendants deny any remaining allegations of this paragraph.

49.     Defendants admit that the screenshot in paragraph 49 of the complaint appears to depict a portion of the UpCodes website.  Defendants deny any remaining allegations of this paragraph.

50.     Defendants admit that UpCodes developed an internet-based platform that allows customers to view and print a variety of laws for free.  Defendants admit that UpCodes also provides premium features.  Defendants admit that by creating a login, users must also agree to UpCodes' Terms of Service and Privacy Policy.  Defendants admit that the screenshots in paragraph 50 of the complaint

sf-5982201

appear to depict a portion of the UpCodes website.  Defendants deny any remaining allegations of this paragraph.

51.     Defendants admit that users, free or premium, can print out sections of certain laws from the UpCodes Website and mobile web platform only after they create an account and agree to UpCodes' terms of service.  Defendants deny any remaining allegations of this paragraph.

52.     Denied.

53.     Defendants admit that users can access and print the law for free via UpCodes' website.  Defendants lack knowledge or information sufficient to admit or deny the second sentence of this paragraph and on that basis deny it. Defendants deny any remaining allegations of this paragraph.

54.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

55.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

## ALLEGED REMOVAL OF ASTM'S COPYRIGHT NOTICES

56.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

57.     Denied.

58.     Denied.

sf-5982201

59.     Denied.

## **ALLEGED INFRINGEMENT OF ASTM'S TRADEMARKS**

60.     Denied.

61.     Denied.

62.     Defendants admit the screenshot in paragraph 62 of the complaint appears to depict a portion of the UpCodes Website.  Defendants deny any remaining allegations of this paragraph.

63.     Defendants admit the screenshot in paragraph 63 of the complaint appears to depict a portion of the UpCodes Website.  Defendants deny any remaining allegations of this paragraph.

64.     Denied.

65.     Denied.

66.     Denied.

## **COUNT I**
## **(AGAINST ALL DEFENDANTS)**
## **ALLEGED DIRECT COPYRIGHT INFRINGEMENT**

67.     Defendants incorporate herein by reference each and every response to ASTM's foregoing allegations.

68.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

69.     Denied.

sf-5982201

70.     Defendants admit that they had access to the model codes listed in Exhibit A to the complaint.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

**COUNT II**
**(AGAINST ALL DEFENDANTS)**
**ALLEGED VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT**
**INFRINGEMENT**

78.     Defendants incorporate herein by reference each and every response to ASTM's foregoing allegations.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

sf-5982201

86.     Denied.

87.     Denied.

### COUNT III
### (AGAINST ALL DEFENDANTS)
### ALLEGED ALTERATION OR REMOVAL OF COPYRIGHT
### MANAGEMENT INFORMATION UNDER 17 U.S.C. § 1202

88.     Defendants incorporate herein by reference each and every response to ASTM's foregoing allegations.

89.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

90.      The allegations in this paragraph state legal conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

91.     Denied.

92.     Denied.

93.     Denied.

### COUNT IV
### (AGAINST ALL DEFENDANTS)
### ALLEGED INFRINGEMENT OF REGISTERED TRADEMARKS UNDER
### 15 U.S.C. § 1114

94.     Defendants incorporate herein by reference each and every response to ASTM's foregoing allegations.

95.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

96.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

97.     Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

**COUNT V**
**(AGAINST ALL DEFENDANTS)**
**ALLEGED UNFAIR COMPETITION AND FALSE DESIGNATION OF**
**ORIGIN UNDER 15 U.S.C. § 1125(A)(1)**

104.    Defendants incorporate herein by reference each and every response to ASTM's foregoing allegations.

105.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

106.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

sf-5982201

107.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

108.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

## COUNT VI
## (AGAINST ALL DEFENDANTS)
## ALLEGED TRADEMARK INFRINGEMENT UNDER
## PENNSYLVANIA COMMON LAW

115.   Defendants incorporate herein by reference each and every response to ASTM's foregoing allegations.

116.   Defendants lack knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

117.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

118.   Denied.

119.   Denied.

sf-5982201

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

## COUNT VII
## (AGAINST ALL DEFENDANTS)
## ALLEGED DILUTION OF TRADEMARKS UNDER
## 54 PA. CONS. STAT. § 1124

125.   Defendants incorporate herein by reference each and every response to ASTM's foregoing allegations.

126.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

127.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

128.   Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis deny them.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

sf-5982201

## RESPONSE TO JURY DEMAND

This paragraph is a jury demand to which no response is required.  Further, pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a trial by jury of ASTM's claims.

## RESPONSE TO PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendants deny that ASTM is entitled to the requested relief or to any relief whatsoever.

## DEFENDANTS' ADDITIONAL DEFENSES

In further answer to the allegations made by ASTM in the complaint, Defendants assert the following additional defenses.  Defendants do not concede that they have the burden of proof on the defenses listed below:

## FIRST ADDITIONAL DEFENSE

Some or all of the material in which ASTM claims copyright is in the public domain as a result of its adoption into law.

## SECOND ADDITIONAL DEFENSE

ASTM's claims of copyright infringement and violation of the DMCA are barred or limited by the doctrine of merger.

## THIRD ADDITIONAL DEFENSE

ASTM's claims of copyright infringement and violation of the DMCA are barred or limited by the idea/expression dichotomy.

//

sf-5982201

## FOURTH ADDITIONAL DEFENSE

ASTM's claims of copyright infringement and violation of the DMCA are barred or limited because the material in which ASTM claims copyright constitutes *scènes à faire*.

## FIFTH ADDITIONAL DEFENSE

ASTM does not own copyright in the material in which ASTM claims copyright because that material was authored in whole or in part by third parties.

## SIXTH ADDITIONAL DEFENSE

The claimed copyright infringement and violation of the DMCA is *de minimis*.

## SEVENTH ADDITIONAL DEFENSE

To the extent there is copying of copyrightable expression, that copying constitutes fair use.

## EIGHTH ADDITIONAL DEFENSE

ASTM's claims are barred, in whole or in part, because ASTM has suffered no competitive injury as a result of Defendants' alleged actions.

## NINTH ADDITIONAL DEFENSE

ASTM's claims for damages are barred, in whole or in part, because ASTM failed to mitigate the losses or damages, if any, that ASTM seeks to recover in this action.

sf-5982201

**TENTH ADDITIONAL DEFENSE**

ASTM's copyright claims are or will be barred in whole or in part by collateral estoppel.

**ELEVENTH ADDITIONAL DEFENSE**

To the extent there is use of ASTM's trademark, that use constitutes fair use.

**COUNTERCLAIMS**

Defendants, by and through their undersigned counsel, bring these counterclaims against ASTM and allege as follows:

**PARTIES**

1.      Counterclaim-Plaintiff UpCodes, Inc. ("UpCodes") is a corporation organized and existing under the laws of Delaware with its principal place of business at 1606 Headway Circle #9083, Austin, TX 78754.

2.      Counterclaim-Plaintiff Garrett Reynolds is an individual residing in Austin, Texas.

3.      Counterclaim-Plaintiff Scott Reynolds is an individual residing in Mill Valley, California.

4.      Upon information and belief, Counterclaim-Defendant ASTM is a Pennsylvania corporation with its principal place of business at 100 Barr Harbor Drive, West Conshohocken, PA 19428.

sf-5982201

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 1338(a) and 2201.

6.     This Court has personal jurisdiction over ASTM because ASTM submitted to such jurisdiction for purpose of these counterclaims by filing the underlying case against Defendants in this District.

7.     Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to these counterclaims, including the filing of the underlying case against UpCodes, occurred in this District.

## FACTUAL BACKGROUND

8.     UpCodes operates the UpCodes service, located at https://up.codes.

9.     UpCodes was founded to make it easier for both industry professionals and laypeople to understand how to comply with state and local building codes.

10.     UpCodes allows its users to search for relevant building codes and other relevant laws on a per-jurisdiction basis.

11.     UpCodes shows its users an integrated view of the law.  It presents the law as adopted by particular jurisdictions, including amendments or modifications to model codes that jurisdictions have chosen to adopt.

sf-5982201

12.     UpCodes does not publish model codes.  Some jurisdictions adopt model codes as the law without making any amendments to the text, and so the substance of certain jurisdictions' codes may be identical to the model codes that they adopted.

13.     UpCodes does not charge money for access to any of the available laws.

14.     UpCodes allows all users to copy and paste sections of the law, as well as print the law out.

15.     UpCodes is the only place, online or offline, where someone can access the integrated text, including local amendments and modifications, of many of the laws available on UpCodes.

16.     UpCodes offers a subscription service with additional features and collaboration tools.  These include allowing users to compare codes of different jurisdictions and to search across multiple codes in a particular jurisdiction.

17.     Some materials accessible on UpCodes also appear in one or more ASTM publications.  This material is referred to herein as the "Posted Laws."  All of this material carries the force of law in one or more jurisdictions.

18.     At least one purpose for which the Posted Laws were created was for incorporation into law.

19.     No one can own the law.

sf-5982201

20.    The authentic exposition of the law, binding on every citizen, is free for publication to all.

21.    A real and substantial controversy exists between the parties regarding the subject matter of these counterclaims because ASTM has brought claims for copyright infringement and trademark infringement against Defendants based, at least in part, on the accessibility of the Posted Laws on the UpCodes service.

### FIRST COUNTERCLAIM

### (Declaratory Judgment of No Copyright Infringement)

22.    Defendants incorporate herein by reference the contents of each of the preceding paragraphs.

23.    The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because it is in the public domain because it is the law.

24.    The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because the text of every law constitutes a fact that cannot be accurately expressed any other way and thus merges with any expression contained in that text.

25.    The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because any claim of infringement is barred or limited by the idea/expression dichotomy.

26.     The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because the Posted Laws constitute *scènes à faire*.

27.     The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because any claims of infringement are barred or limited by the government edicts doctrine.

28.     The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because the Posted Laws were authored in whole or in part by third parties.

29.     The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because, to the extent there is copying of copyrightable expression, that copying is *de minimis*.

30.     The inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM because, to the extent there is copying of copyrightable expression, that copying constitutes fair use.

31.     The controversy between Defendants and ASTM is real and substantial and demands specific relief through a decree of a conclusive character.

32.     Defendants are entitled to a judicial declaration that the inclusion of the Posted Laws on UpCodes does not infringe any copyright of ASTM.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of No Trademark Infringement)

33.     Defendants incorporate herein by reference the contents of each of the preceding paragraphs.

34.     The inclusion of the Posted Laws on UpCodes is not likely to cause confusion, to cause mistake, or to deceive consumers as to the source, sponsorship, or affiliation of UpCodes, the UpCodes website, or the laws available through the UpCodes website.

35.     ASTM has no evidence showing that the public has suffered any substantial mistake, deception, or confusion over whether UpCodes is the source of, the sponsor of, or especially associated with the Posted Laws.

36.     ASTM has no evidence showing that the public has suffered any substantial mistake, deception, or confusion over whether UpCodes is the source of, the sponsor of, or affiliated with ASTM and its goods, services, or commercial activities.

37.     ASTM has no evidence showing that the public has suffered any substantial mistake, deception, or confusion over whether ASTM is the source of, sponsors, or is affiliated with UpCodes' publishing activities.

38.     ASTM has no evidence showing that, as a result of UpCodes' activities, the public has suffered any substantial mistake, deception, or confusion

sf-5982201

over whether any of them is, or is not, the source of a particular code that has been incorporated in the law.

39.     The controversy between Defendants and ASTM is real and substantial and demands specific relief through a decree of a conclusive character.

40.     Defendants are entitled to a judicial declaration that the inclusion of the Posted Laws on UpCodes does not infringe any trademark of ASTM.

## JURY TRIAL DEMANDED

Defendants demand trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Defendants pray that a judgment be entered against ASTM as follows:

a.     That the Court declare that Defendants are not liable for copyright infringement arising out of the inclusion of the Posted Laws on UpCodes;

b.     That the Court declare that ASTM lacks a valid copyright in any portion of the Posted Laws;

c.     That the Court award Defendants costs of suit, including reasonable attorneys' fees under the Copyright Act;

d.     That the Court declare that the inclusion of the Posted Laws on UpCodes does not infringe any trademark of ASTM, and

That the Court grant such further relief it considers just and proper.

sf-5982201

Dated: June 18, 2024                          Respectfully submitted,


                                              /s/ Thomas N. Brown
                                       By:    Bonnie M. Hoffman (PA ID No.
                                              201140)
                                              bhoffman@hangley.com
                                              Thomas N. Brown (PA ID No. 321008)
                                              tbrown@hangley.com
                                              Jason A. Levine (PA ID No. 306446)
                                              jlevine@hangley.com
                                              HANGLEY ARONCHICK SEGAL
                                              PUDLIN & SCHILLER
                                              One Logan Square, 27th Floor
                                              Philadelphia, Pennsylvania 19103
                                              Telephone: 215.568.6200
                                              Facsimile: 215.568.0300


                                              Allyson R. Bennett (*pro hac vice*)
                                              Mark D. Marciszewski (*pro hac vice*)
                                              MMarciszewski@mofo.com
                                              MORRISON & FOERSTER LLP
                                              707 Wilshire Boulevard
                                              Los Angeles, California 90017-3543
                                              Telephone: 213.892-5200
                                              Facsimile: 213.892-5454


                                              Joseph C. Gratz (*pro hac vice*)
                                              JGratz@mofo.com
                                              Hannah Jiam (*pro hac vice*)
                                              HJiam@mofo.com
                                              MORRISON & FOERSTER LLP
                                              425 Market Street,
                                              San Francisco, California 94105-2482
                                              Telephone: 415.268.7000
                                              Facsimile: 415.268.7522


                                              *Attorneys for Defendants*
                                              *UpCodes, Inc., Garrett Reynolds, and*
                                              *Scott Reynolds*

sf-5982201

## CERTIFICATE OF SERVICE

I, Thomas N. Brown, certify that on June 18, 2024, I caused a copy of the foregoing, Defendants' Answer to Complaint, to be served via the Court's CM/ECF System upon all counsel of record.

*/s/ Thomas N. Brown*
Thomas N. Brown

sf-5982201