**MORRISON FOERSTER**

2100 L STREET, NW
SUITE 900
WASHINGTON
DC  20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

January 9, 2026

Writer's Direct Contact
+1 (202) 887-6954
Akamdar@mofo.com

**VIA ECF**

Hon. Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

> Re:   *American Society for Testing and Materials d/b/a ASTM International v. UpCodes, Inc., et al.*, Case No. 2:24-cv-01895-AB

Dear Judge Brody:

Pursuant to Federal Rules of Civil Procedure 26(c) and 30(a), Defendant UpCodes, Inc. respectfully requests that the Court enter a protective order prohibiting Plaintiff American Society for Testing and Materials d/b/a ASTM International ("ASTM") from taking depositions in excess of the presumptive ten-deposition limit imposed by Federal Rule of Civil Procedure 30(a)(2)(A)(i).

## Background

This is a copyright case.  UpCodes runs an online platform on which it publishes, for free, building codes as adopted into law by jurisdictions around the country.  ASTM is a publisher of standards that jurisdictions sometimes adopt into law.  ASTM asserts copyright in its standards and argues that, despite their having the force of law once adopted, it has the right to prevent their free republication by UpCodes and others.

**MORRISON FOERSTER**

Hon. Anita B. Brody
January 9, 2026
Page Two

On December 18, 2025, approximately six weeks before the close of fact discovery, ASTM served eight deposition subpoenas on a set of UpCodes' customers—architectural and construction firms that use the UpCodes platform. Each subpoena called for attendance at the same date and time: January 28, 2026, at 9:00 a.m. Declaration of Adi Kamdar ("Kamdar Decl."), Ex. B and Ex. C.[1]

At the time these subpoenas were served, ASTM had already deposed one of UpCodes' co-founders in a Rule 30(b)(6) deposition and indicated its intent to take seven additional depositions of UpCodes witnesses. These third-party subpoenas would add another eight depositions, bringing ASTM's total to sixteen, well over the ten-deposition limit absent leave of court under Federal Rule of Civil Procedure 30(a)(2)(A)(i).

Apart from being UpCodes customers, these third parties appear to have nothing to do with this case. ASTM has not articulated any basis for why depositions of these entities are necessary, nor explained how testimony from eight separate firms, noticed for the same date and time, would yield non-duplicative discovery. Instead, the timing, volume, and coordination of these subpoenas suggest that ASTM is seeking to pressure or burden UpCodes' customers rather than to obtain discovery that it might actually use in this case.

ASTM has not sought leave to take depositions in excess of the ten-deposition limit. On December 19, UpCodes promptly objected to the excess deposition notices on the ground that they violate Rule 30 and sought to meet-and-confer concerning a narrowing of ASTM's notices and subpoenas. Kamdar Decl., Ex.

---

[1] The subpoenas are sloppy in that three of the subpoena targets also received duplicate subpoenas that, despite also being testimonial subpoenas on their face, attached requests for production instead of topics. *See* the first three subpoenas in Kamdar Decl., Ex. B. All three of the subpoena targets who received duplicate subpoenas requesting testimony but attaching requests for production previously received and responded to document subpoenas. Kamdar Decl., ¶ 2.

**MORRISON FOERSTER**

Hon. Anita B. Brody
January 9, 2026
Page Three

A at 5. ASTM did not respond. UpCodes followed up on December 23, 29, and 31, ultimately informing ASTM that it intended to file this motion the week of January 5 even if ASTM would not meet-and-confer in accordance with the Court's expectation that the parties resolve discovery disputes on their own. *Id.* at 3-5.

ASTM finally responded on January 7, saying that it was "willing to meet and confer" but asking for authority for the position that "ASTM is precluded from serving subpoenas on more parties than ASTM ultimately intends to depose[.]" *Id.* at 3. UpCodes wrote back approximately an hour later, providing some of the authority cited in this motion. *Id.* at 2.

The parties met and conferred on January 8. At that meet-and-confer, ASTM's position remained substantially the same: that it is entitled to notice as many depositions as it wants so long as it does not take more than ten. *Id.* at 1. This motion followed.

**ASTM's Deposition Notices Violate Rule 30(a)'s Ten-Deposition Limit**

Rule 30(a)(2)(A)(i) requires a party to obtain leave of court to take a deposition if that deposition "would result in more than 10 depositions being taken." Courts have consistently held that this limitation applies at the notice stage and that a party may not serve deposition notices exceeding the numerical cap without first obtaining leave of court or a stipulation. *See, e.g., Stiles v. Walmart, Inc.*, No. 2:14-cv-2234-MCE-DMC, 2020 WL 589107, at *3 (E.D. Cal. Feb. 6, 2020) (holding that the plaintiff would not be permitted to take additional depositions after refusing to withdraw excess deposition notices); *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (noting that plaintiff did not seek leave or reach a stipulation to take more than ten depositions, and holding that "on this basis alone, twenty of the depositions scheduled by Plaintiffs are clearly improper"); *Watts v. Wilcohess, LLC*, No. 5:07-cv-00981-MBS, 2010 WL 11534468, at *1 (D.S.C. Jan. 22, 2010) ("Failure to obtain leave of court [to exceed the ten-deposition limit] renders the deposition notice *per se* invalid.").

**MORRISON FOERSTER**

Hon. Anita B. Brody
January 9, 2026
Page Four

This is only sensible: permitting a party to notice depositions above the limit, and thus requiring parties, counsel, and witnesses to expend time and resources preparing for excess depositions that may or may not happen, would be contrary to Rule 30's goals of ensuring proportionality and preventing undue burden. But that would be precisely the consequence of ASTM's position that it may notice an unlimited number of depositions so long as it limits itself to actually taking only ten. The additional burden that ASTM seeks to impose is particularly acute—and unjustifiable—given the stage of the case at which it has noticed these depositions. It would be one thing if ASTM had early on supplied a list of more than ten potential deponents with the intent of narrowing the list as discovery proceeded and the issues in the case crystallized. It is quite another to subpoena eight third parties at the close of discovery and claim that it will withdraw six of those subpoenas at some unspecified point between now and the noticed date, forcing UpCodes and the third-party witnesses to waste time preparing for depositions that will never take place during one of the busiest times in the case.[2]

When the parameters for discovery in this matter were set, ASTM affirmatively argued that the ten-deposition limit should apply. Scheduling Ord., ECF No. 111 at 2. ASTM has not sought leave of court to exceed the limit, much less offered substantive justification for the need to take these additional depositions. That is sufficient for the Court to grant a protective order requiring ASTM to narrow its set of depositions to the ten permitted under Rule 30(a).

**ASTM Cannot Show Good Cause to Exceed the Deposition Limit**

Even if ASTM were to seek leave for the additional depositions after the fact, the Court should deny it.

---

[2] ASTM's reading of Rule 30 is also untenable as a practical matter, as it is unclear how the limitation on the number of depositions would be enforced or when a motion for a protective order would be ripe.

**MORRISON FOERSTER**

Hon. Anita B. Brody
January 9, 2026
Page Five

Exceeding Rule 30's ten-deposition limit is permitted only where the moving party demonstrates that the additional depositions are "reasonable and necessary." *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, No. 19-cv-513, 2021 WL 3403470, at *3 (E.D. Pa. Aug. 3, 2021) (citation omitted). To satisfy this burden, the moving party must make "a particularized showing of need" for the additional depositions, going beyond general assertions of relevance to demonstrate why the testimony of each proposed deponent is essential and likely to lead to the discovery of material information that cannot be obtained elsewhere. *Id.* (citation omitted); *Culp v. La Salle Univ.*, No. CIV.A. 08-1500, 2008 WL 5382650, at *3 (E.D. Pa. Dec. 24, 2008) (requiring "an offer of proof" as to expected testimony).

ASTM cannot meet that standard for any of the eight deposition subpoenas it has served on UpCodes' customers. As noted above, these third parties' *only* apparent connection to this case is that they have at one point used the UpCodes platform.[3] The deposition topics attached to the subpoenas show that they do not seek essential, non-duplicative discovery. On the face of the subpoenas, the vast majority of the topics seek from UpCodes' customers discovery obtainable from UpCodes (e.g., contractual arrangements with UpCodes and communications with UpCodes) or information ASTM should itself have (e.g., their contractual arrangements with ASTM and their public statements about UpCodes). *See, e.g.,* Kamdar Decl., Ex. C, at pp. 5-6 of pdf. To the extent that ASTM proffers the justification that it wants to question these third parties about the reasons for their decision to use UpCodes' offering, ASTM cannot show good cause for burdening UpCodes and its customers with *eight* simultaneous (or back-to-back) depositions on this basis.

---

[3] One of the subpoenaed customers *was never even a paid user of UpCodes*, as its counsel informed ASTM long before it received a deposition subpoena in this case. Kamdar Decl., Ex. D at 1.

**MORRISON FOERSTER**

Hon. Anita B. Brody
January 9, 2026
Page Six

**Conclusion and Request for Expedited Consideration**

These deposition subpoenas—and ASTM's subsequent conduct in ignoring UpCodes' meet-and-confer requests for nearly three weeks and forcing this motion—are more consistent with a desire to pressure and burden UpCodes and its customers than with a genuine "particularized need" for third-party discovery. UpCodes respectfully requests that the Court enter a protective order prohibiting ASTM from proceeding with depositions in excess of the Rule 30(a) ten-deposition limit because ASTM did not obtain leave.

In view of the January 28, 2026 deposition date noticed by ASTM and the January 30, 2026 deadline to complete discovery, as well as the meet-and-confer record detailed in this letter, UpCodes further respectfully requests that: (1) the Court order that ASTM file any response no later than January 15; and (2) the Court schedule a brief conference on or before January 20 to resolve this matter.

Sincerely,

*/s/ Aditya V. Kamdar*

Aditya V. Kamdar