

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Jane W. Wise
jane.wise@us.dlapiper.com
T  202.799.4149
F  202.863.7849

January 12, 2026
*VIA ECF*

The Honorable Anita B. Brody
United States District Court
Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

**Re:** *American Society for Testing and Materials d/b/a ASTM International v. UpCodes, Inc., et al.*, Case No. 2:24-cv-01895-AB

Dear Judge Brody:

This is in response to Defendant UpCodes, Inc.'s ("UpCodes") request for a protective order preventing Plaintiff American Society for Testing and Materials d/b/a ASTM International ("ASTM") from taking more than ten depositions. (Dkt. No. 132). To date, ASTM has only taken one deposition, and, as conveyed to UpCodes on numerous occasions, ASTM does not intend to take more than the ten depositions permitted by Federal Rule of Civil Procedure 30(a)(2)(A)(i). As a result, UpCodes' motion for the entry of a protective order should be denied.

## I.    Background

On or around February 2025, ASTM served subpoenas for documents on numerous UpCodes customers. Based on the documents ASTM received in response to those subpoenas, on or around December 18, 2025, ASTM service notices of subpoena and deposition on eight of those customers.

UpCodes now seeks a protective order "prohibiting ASTM from proceeding with depositions in excess of the Rule 30(a) ten-deposition limit," Dkt. 132 at 6, even though ASTM has repeatedly and consistently represented to UpCodes that it would not take more than ten fact depositions. UpCodes also argues that "ASTM's

January 12, 2026
Page Two

Deposition Notices Violate Rule 30(a)'s Ten-Deposition Limit," Dkt. 132 at 3, even though ASTM has only noticed nine depositions in this case.

UpCodes' counsel at Morrison Foerster also represents many of the UpCodes customers in connection with the subpoenas that were served by ASTM. UpCodes' and its customers' counsel still have not advised ASTM as to the availability of many of the parties that ASTM has noticed for depositions. Once Morrison Foerster provides ASTM with information about the availability of the customers for depositions, ASTM intends to withdraw some of those deposition notices, and it intends to notice the depositions of certain UpCodes witnesses. UpCodes acknowledges that it would not be problematic if ASTM "supplied a list of more than ten potential deponents with the intent of narrowing the list as discovery proceeded and the issues in the case crystallized," *id.* at 4, but it complains that ASTM has not narrowed the list earlier.[1] But UpCodes failed to advise the Court that the only reason ASTM has not narrowed the list by now is that UpCodes' and its customers' counsel has not advised ASTM of the customers' availability. If UpCodes is concerned about "wast[ing] time preparing for depositions that will never take place, then its counsel should advise ASTM of its clients' availability.

## II.   Customer Testimony is Highly Relevant

First, UpCodes' request for a protective order misleadingly downplays the importance of testimony from UpCodes customers. This is a copyright infringement case, and UpCodes' primary defense is copyright fair use. *See generally* Dkt. 104. As this Court previously acknowledged, the fourth fair use factor, the impact on the marketplace, *see* 17 U.S.C. § 107(4), "is considered 'the most important element of fair use.'" *Id.* at 33 (quoting *Harper & Row Publishers, Inc. v. Nation Enterprises*,

---

[1] The cases UpCodes cites in its motion do not support the relief it is seeking. *See Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 589107, at *7 (E.D. Cal. Feb. 6, 2020) (granting motion to enforce a prior order in that the plaintiff would not be permitted to take more than the 18 depositions previously authorized); *C.A. v. Amli at Riverbend LP*, No. 106CV1736SEBJMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (granting motion for protective order where plaintiff sought to take thirty depositions); *Watts v. Wilcohess, LLC*, No. 5:07-CV-00981-MBS, 2010 WL 11534468, at *2 (D.S.C. Jan. 22, 2010) (granting motion for protective order where plaintiffs had already taken ten depositions and failed to obtain leave of court to take an additional deposition).

January 12, 2026
Page Three

471 U.S. 539, 566 (1985)).  As the Supreme Court explained in *Andy Warhol Foundation for Visual Arts, Inc. v. Goldsmith*, this factor "focuses on actual or potential market substitution."  598 U.S. 508, 536 at n.12.

ASTM seeks to depose UpCodes' customers to assess UpCodes' impact on the market for ASTM standards and whether UpCodes customers view UpCodes' copies of ASTM standards as substitutes for copies from ASTM and its licensees.  This information is highly relevant to disputing UpCodes fair use defense and is anything but "duplicative" (as asserted by UpCodes).  Of course, if UpCodes stipulated that all of its customers view UpCodes' services as a perfect market substitute for authorized copies of ASTM's standards and that its conduct is having a devastating impact on the market for ASTM standards, then these depositions might be duplicative.  But UpCodes argues the opposite—while at the same time trying to prevent ASTM from taking discovery on the issue.  UpCodes cannot have it both ways.

### III.  ASTM Does Not Intend to Take More Than Ten Depositions

ASTM does not intend to exceed the ten-deposition limit.  ASTM repeatedly conveyed this to Morrison Foerster, most recently on the meet and confer on January 8, 2025 and immediately after in email correspondence.  Notably, as of the filing of this letter, ASTM has not noticed more than ten depositions in this case.

ASTM understands that third party deposition availability is often uncertain, making it prudent for ASTM to identify and provide notice to a broader scope of customers than it ultimately intends to depose.  For example, one of the noticed parties, Jaros Baum & Bolles, responded to the subpoena by informing ASTM that the company was acquired and as a result no executives for the company would be available for a deposition.  ASTM has now withdrawn that notice of subpoena and deposition.  Unlike this party, who promptly reached out to ASTM and provided availability information, Morrison Foerster refuses to do so for the UpCodes customers that it represents.  Without any further information from Morrison Foerster on the availability (or unavailability) of the UpCodes customers it represents, ASTM is unable to determine which of the notices of subpoena and depositions to withdraw.

January 12, 2026
Page Four

### IV. UpCodes Failed to Articulate Any Burden

UpCodes has failed to articulate any legitimate undue burden on the parties as a result of the noticing of depositions. UpCodes claims there would be undue burden in parties preparing for depositions that may not happen. This burden will be eliminated as soon as Morrison Foerster provides information about the availability of the parties they represent. Therefore, any purported burden involving unnecessary preparation can be eliminated through action by Morrison Foerster and is therefore not undue burden created by ASTM.

UpCodes also mentions that the depositions are noticed to take place simultaneously. This fails to consider ASTM's communications to UpCodes. ASTM conveyed to UpCodes both over the phone during a meet and confer on January 8, 2026 and followed up via email, that it had noticed the depositions for January 28, 2026 to provide as much notice and flexibility for UpCodes' customers as possible. ASTM made clear it is willing to take the depositions on a different day and/or virtually to minimize any inconvenience. Unfortunately, beyond arguing that ASTM cannot notice the number of depositions that it has, Morrison Foerster has failed to engage meaningfully in any third-party deposition scheduling.

Thus, any burden on parties that will not ultimately be deposed can be eliminated as soon as Morrison Foerster responds in good faith to the third-party deposition notices and ASTM is able withdraw notices as warranted.

Respectfully submitted,

*Jane W Wise*

Jane W. Wise