**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UPCODES, INC.,** *et al.*, | : | |
| *Defendants.* | : | **NO. 24-cv-1895** |

**ORDER**

**AND NOW,** this **27th** day of **February 2026**, upon consideration of Defendants' Motion

to Compel (ECF No. 142), Plaintiff's Response in Opposition to Defendants' Motion to Compel

(ECF No. 150), and Defendants' Reply in Support of Their Motion to Compel (ECF No. 152), it

is hereby **ORDERED** that the Motion to Compel (ECF No. 142) is **DENIED** as to documents and

communications related to standards development organizations ("SDOs") other than the

International Code Council ("ICC").[1] As to documents and communications related to the ICC,

---

[1] Documents and communications relating to SDOs that do not reference any of the ten copyrighted ASTM standards at issue in this case are not relevant to any of the claims raised by Plaintiff or defenses raised by Defendants. Defendants argue that these materials have bearing on factors two and four of their affirmative fair use defense. ECF No. 142 at 5–6. Upon review, Defendants' arguments are unavailing. With respect to factor two, the nature of the work, this factor looks to whether the work in question is creative or factual in nature by "focus[ing] on the degree of creativity inherent to the work." *Thomson Reuters Enter. Ctr. GMBH v. Ross Intel. Inc.*, 765 F. Supp. 3d 382, 399 (D. Del. 2025) (alteration in original) (citation omitted). This inquiry pertains to the work itself, and thus, documents and communications with SDOs that do not reference any of the works at issue are not relevant to this inquiry. With respect to factor four, the effect of the use on the potential market for or value of the work, Defendants claim that Plaintiff's own arguments on appeal put its relationships with other SDOs at issue. ECF No. 142 at 6. In its appellate briefing, Plaintiff argued that Defendants' use of its works undermines the public-private partnership of standards implementation between government entities and SDOs. *See* ECF No. 150 at 5–6. Plaintiff's argument centers around the potential impact of the termination of copyright protection of its works on SDOs' overall incentive to create standards referenced by governmental entities. *See id.* This argument has nothing to do with Plaintiff's relationships with other SDOs, and so, Defendants' discovery requests seeking documents and communications relating to other SDOs are irrelevant to factor four of the fair use defense. For these reasons, Defendants' Motion

Plaintiff **SHALL** certify that it conducted a reasonable search for ICC-related documents responsive to Defendants' Requests for Production 3–5, 11, and 47, and confirm that no additional responsive, non-privileged documents exist.

**BY THE COURT:**

 **/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

---

to Compel (ECF No. 142) is denied insofar as it seeks documents and communications relating to SDOs other than ICC, which references the copyrighted standards at issue, *see* ECF No. 150 at 1.