**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **UPCODES, INC., et al.,** *Defendants.* | : | **NO. 24-1895** |

## MEMORANDUM

**KENNEY, J.** **November 24, 2026**

Before the Court is Plaintiff's Motion for Leave to File Under Seal certain exhibits in connection with Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment (the "Plaintiff's Motion") (ECF No. 209). For the reasons set forth below, Plaintiff's Motion (ECF No. 209) is **DENIED without prejudice** to Plaintiff filing a renewed motion that identifies the information to be maintained under seal consistent with the appropriate standards for sealing as discussed herein.

### I. DISCUSSION

On November 20, 2026, Plaintiff filed a Motion for Leave to File Under Seal (ECF No. 209). In Plaintiff's Motion, Plaintiff seeks to provisionally seal certain exhibits merely on the basis that they are purportedly covered by a Stipulated Protective Order. *See* ECF No. 209 at 2–3. The Court writes for the benefit of the Parties to outline how this Court evaluates when it is proper to file materials under seal.

Although the Parties may designate materials as "Confidential" or "Highly Confidential – Attorney's Eyes Only" in accordance with their stipulated protective order, ECF No. 55, a more demanding standard applies when a party seeks to seal judicial records within the Third Circuit.

*See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) [hereinafter *In re Avandia*] (explaining that "the common law presumes that the public has a right of access to judicial materials"). District courts in the Third Circuit "apply three distinct standards when considering various challenges to the confidentiality of documents[:]" (1) "the factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–92, (3d Cir. 1994), when [courts] review orders preserving the confidentiality of discovery materials pursuant to Federal Rule of Civil Procedure 26[;]" (2) "the more rigorous common law right of access when discovery materials are filed as court documents[;]" and (3) "the First Amendment right of public access attaches to, *inter alia*, civil trials." *Id.* at 670 (citations omitted); *see also In re ESML Holdings Inc.*, 135 F.4th 80, 93–94 (3d Cir. 2025) (discussing the common law right of access in comparison with the First Amendment right of access).

The public's right of access to judicial records "is not absolute," and can "be rebutted by a showing that an 'interest in secrecy outweighs the presumption.'" *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-cv-4660, 2023 WL 1100995, at *2 (E.D. Pa. Jan. 30, 2023) (quoting *In re Avandia*, 924 F.3d at 672). A party seeking to file documents under seal or to redact information from documents must make a specific showing as to each document or redaction that it seeks to seal. *See In re Avandia*, 924 F.3d at 673; *see also Halman Aldubi Provident & Pension Funds Ltd.*, 2023 WL 1100995, at *3. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Instead, the movant must demonstrate that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking" to seal the materials. *In re Avandia*, 924 F.3d at 672 (internal quotations and citation omitted).

"[T]he mere fact that documents are marked confidential under the parties' [Stipulated Protective Order] is not a sufficient basis for those documents to be filed under seal." *Doe A.F. v. Lyft, Inc.*, No. 23-cv-3990, 2024 WL 7001976, at *1 n.1 (E.D. Pa. July 19, 2024); *see also Trice v. Ferguson*, No. 23-cv-2168, 2024 WL 1699568, at *1 n.1 (E.D. Pa. Mar. 21, 2024) (rejecting "counsel's argument that the protective order somehow pre-authorized filing under seal").

The Parties may refer to Judge Kenney's Updated Policies and Procedures for further information on Motions to Seal. *See* Judge Kenney's Policies and Procedures for Counsel § II.E.5, https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/kenpol.pdf.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 209) is **DENIED without prejudice**. An appropriate Order will follow.